UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| CLIFTY PROPERTIES, LLC, ) | |
| ) | |
| Plaintiff, ) | Civil No. 15-115-GFVT |
| ) | |
| v. ) | |
| ) | **MEMORANDUM OPINION** |
| THE CITY OF SOMERSET, PULASKI ) | **&** |
| COUNTY, KENTUCKY; SOMERSET ) | **ORDER** |
| PLANNING AND ZONING BOARD; and ) | |
| SOMERSET CITY COUNCIL, ) | |
| ) | |
| Defendants. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Clifty Properties, LLC, currently owns a parcel of land zoned only for residential purposes. It desires a B-2, commercial development designation for the land, but so far its efforts to achieve that zoning change have been thwarted. Both the Somerset Planning and Zoning Commission and the Somerset City Council have voted to reject Clifty Properties' application for a zoning amendment, prompting the present litigation. Clifty Properties maintains Defendants have abridged its due process rights and that Defendants' actions constitute a taking without just compensation in violation of the United States Constitution. Both sides have filed motions for summary judgment, and, after careful review, the Court determines Defendants' motion is properly GRANTED but Clifty Properties' motion should be DENIED.

**I**

**A**

Clifty Properties, LLC, owns a 6.83 acre parcel of real estate in Pulaski County, Kentucky.[1] The property is located inside the Somerset city limits in an area known as Creek Terrace, and the parties refer to the land in question as the "Creek Terrace Property." For years, this area has been zoned as R-1, "Low Density Residential" or "Single Family Residential." [*See* R. 30-2 at 3, n. 2.] On January 20, 2015, Clifty Properties filed an application with the Somerset Planning and Zoning Commission seeking to change the Creek Terrace Property's zoning designation to B-2, "Highway Commercial Development." [R. 30-3.] This proposed change in designation from R-1 to B-2 is consistent with the Comprehensive Plan prepared and adopted by the Somerset Planning and Zoning Commission and City Council pursuant to KRS 100.197. [*See* R. 28-1 at 2; R. 28-2 at 21-22.]

In February 2015, the Somerset Planning and Zoning Commission held a public hearing on Clifty Properties' application. The minutes from that hearing indicate that Mr. Jack Mandt, counsel for Clifty Properties, spoke in favor of the zoning change, but Mr. and Mrs. Monty Gover and Mr. and Mrs. George Corder all argued against rezoning the property. [*See* R. 30-4.] Subsequently, the Planning and Zoning Commission closed the public hearing and began a private meeting to discuss Clifty Properties' application. [R. 30-4.] After some discussion, one Commission member voted to approve the zoning change and four voted to deny it. [*Id.*] Although no exhibit in the record verifies this, the Commission's findings were apparently stated

---

[1] Clifty Properties' complaint states the property in question contains "6.83 acres, more or less." [R. 1-3 at 3.] However, Clifty Properties' motion for summary judgment refers to the Creek Terrace Property as a 5.80 acre tract of land. [R. 28-1 at 1; see *also* R. 32 at 1.] The true size of the parcel does not affect the Court's resolution of the issues.

to be "N/A. No zone change was made." [*See* R. 1-3 at 5; R. 28-1 at 3; R. 30-2 at 5 (suggesting the findings of fact set forth in R. 30-5 were added subsequent to the April 27, 2015, remand discussed below).] On Clifty Properties' actual application for the zoning amendment, the Commission noted the reason for its denial as "too much undeveloped commercial property in development at this time." [R. 30-3.]

The next month, the Somerset City Council held a public hearing on Clifty Properties' proposed zoning change. At the conclusion of the hearing, the City Council voted to prepare an ordinance that would essentially approve Clifty Properties' application. [*See* R. 30-2 at 5.] Three weeks later, the City Council held the first reading of that ordinance. [R. 30-7.] And then on April 27, the City Council remanded the issue back to the Somerset Planning and Zoning Commission. The minutes from that meeting indicate only that a councilperson "moved to remand the zone changes on Kit Cowan Road and Creek Terrace back to Planning and Zoning to get proper finding of facts," and that the council on the whole approved the remand. [R. 30-8.]

Upon remand, the Somerset Planning and Zoning Commission reached the same result as before but apparently added to their findings. A document entitled "Summary of Comments/Statements, Findings of Fact, and Recommendation of Board" indicates that, while Clifty Properties' proposed zone change from R-1 to B-2 was consistent with the Comprehensive Plan, the Commission would not recommend the rezoning to the Somerset City Council. [R. 30-5 at 3.] The Somerset City Council then held a second reading of the relevant ordinance in May and proceeded to vote on the issue. The ordinance failed six votes to five. [R. 28-1 at 3; R. 30-2 at 6; R. 30-9.]

Next, Clifty Properties filed a civil complaint against the City of Somerset, the Somerset Planning and Zoning Commission, and the Somerset City Council. [*See* R. 1-3.] The complaint

alleges both the Commission and the City Council made decisions that were "erroneous, arbitrary and capricious, and in violation of the Somerset Zoning Regulations, the provisions of the Kentucky Revised Statutes, the Kentucky Constitution, the U.S. Constitution, [and] the United States Statutes." [*See id.* at 6-8.] These claims are detailed below, but notably, one of the claims involves Defendants' alleged unlawful taking of Clifty Properties' property without just compensation in violation of the Fifth and Fourteenth Amendments to the United States Constitution. [*Id.* at 7; 8.] Defendants removed the lawsuit from Pulaski Circuit Court to the Eastern District of Kentucky on the basis of that claim and pursuant to 28 U.S.C. § 1331. [*See* R. 1.]

B

Clifty Properties' complaint sets forth various allegations against the City of Somerset, the Somerset Planning and Zoning Commission, and the Somerset City Council. [R. 1-3.] These claims are not articulated with great clarity—for example, "Count I" through "Count III" contain only factual background, and no claims for relief at all. [*Id.* at 3-6.] But Counts IV through VII do set forth certain claims which the Court construes in light of *Pearson v. City of Grand Blanc*, 961 F.2d 1211 (6th Cir. 1992).

In *Pearson*, the Sixth Circuit noted the lack of uniformity used by various parties and lower courts to describe federal zoning claims. 961 F.2d at 1215. Accordingly, the *Pearson* court set forth six categories of possible federal zonings claims and briefly described each of those causes of action. *Id.* The six *Pearson* categories are as follows:

1. Just compensation takings claims, through which a plaintiff claims that the zoning laws applied to his land constitute a taking of his property without just compensation in contravention of the Fifth Amendment. The remedy sought by a plaintiff in a just

compensation takings claim is financial in nature—the plaintiff seeks actual "just compensation" for his property;

2. Due process takings claims, through which a plaintiff claims that the zoning laws applied to his property go too far and destroy the value of his property to such an extent that the laws amount to a taking by eminent domain without due process. The remedy sought by a plaintiff in a due process takings claim is invalidation of the zoning regulation;

3. Arbitrary and capricious substantive due process claims, through which a plaintiff claims that a zoning regulation is arbitrary and capricious and does not bear a substantial relation to the public health, safety, morals, or general welfare;

4. Equal protection claims based on suspect class, mere economic discrimination, or invoking strict scrutiny;

5. Procedural due process claims, which typically involve an argument related to a plaintiff's notice and opportunity to be heard (or lack thereof); and

6. First Amendment claims, through which a plaintiff claims that a First Amendment right such as freedom of speech or religion is violated by a certain zoning ordinance.

*See Pearson*, 961 F.2d 1215-16; *see also Nasierowski Bros. Inv. Co. v. City of Sterling Heights*, 949 F.2d 890, 893 (6th Cir. 1991) (describing procedural due process claims in this context).

The Court has compared the categories of claims set forth in *Pearson* with the language in Clifty Properties' complaint and has determined the complaint sets forth claims under categories one, three, and possibly five, as well as additional state law claims. Clifty Properties clearly alleges a just compensation takings claim, as Paragraphs 21 and 27 reference Defendants' "taking of Plaintiff's property without just 'compensation' in violation of the Fifth and Fourteenth Amendments of the Constitution of the United States." [R. 1-3 at 7-8.]

5

Clifty Properties' complaint also alleges an arbitrary and capricious substantive due process claim. The complaint refers several times to Defendants' "erroneous, arbitrary, and capricious" actions [*see id.* at 6-7] and argues Defendants' actions were not supported by substantial evidence [*see id.* at 7-8].

And, although less clear, Clifty Properties' complaint may possibly be construed to include a procedural due process claim. The complaint fails to reference any issues related to notice and an opportunity to be heard, the hallmarks of a procedural due process claim. [*See id.*] However, the complaint does allege Defendants went about their proceedings "without adequate standards of due process," and the parties assume the complaint alleges a procedural due process violation.[2] [*See id.*; R. 30-2 at 17-18.]

Finally, the complaint refers to several violations of state law. These include violations of KRS Chapter 100 and allegations that both the Somerset Planning and Zoning Commission and Somerset City Council acted outside the scope of their state-given powers. [*See* R. 1-3 at 7-8.]

## II

Both parties have filed motions for summary judgment in this case. Clifty Properties' motion is primarily concerned with whether Defendants acted arbitrarily, and the motion does not address Clifty Properties' federal takings claim in any great detail. [*See* R. 28-1.] Defendants' cross-motion for summary judgment, however, argues the takings claim should be dismissed based on ripeness. [R. 30-2 at 8.] The Court begins by addressing that argument set forth in Defendants' motion and then turns to the pending due process and state law claims.

---

[2] Ultimately, whether Clifty Properties wished to assert a procedural due process claim in its complaint is inconsequential, as any such claim would be dismissed for the reasons detailed in Part II(B), *infra*.

6

**A**

The Government has not *physically* taken away Clifty Properties' Creek Terrace land, and Clifty Properties does not allege as much. Nonetheless, a restrictive zoning decision that prevents a party from putting its land to any good use may be considered a taking, provided there has been no "just compensation" for that taking. *See, e.g.*, *Lucas v. South Carolina Coastal Council*, 505 U.S. 1003, 1014 (1992); *Williamson Cnty. Reg'l Planning Comm'n v. Hamilton Bank of Johnson City*, 473 U.S. 172, 194 (1985). Clifty Properties alleges this type of federal regulatory takings claim, but because it fails to account for the "uniquely strict ripeness rule" applicable to such claims, the claim may not proceed. *See Ackermann*, 2016 WL 4499659, at *6.

A federal regulatory takings claim is not considered ripe until a two-prong test has been satisfied. The first requirement, known as the "finality requirement," requires the administrative agency in question to arrive at a "definitive position on the issue that inflicts an actual, concrete injury." *Braun*, 519 F.3d at 569 (quoting *Williamson*, 473 U.S. at 193). The second requirement, the "remedies requirement," is concerned with whether the state has actually denied just compensation based on a plaintiff's injury. *Id.* More specifically, the remedies requirement mandates a plaintiff "seek compensation through the procedure the [s]tate has provided for doing so." *Williamson*, 473 U.S. at 194; *Ackermann*, 2016 WL 4499659, at *6.

Whether the finality requirement is satisfied in this case remains somewhat ambiguous based on the record before the Court and the relevant case law. *See Ackermann*, 2016 WL 4499659, at *6-7. Despite this, Clifty Properties' failure to satisfy the remedies requirement renders the finality requirement immaterial.

Kentucky law provides for a reverse, or inverse, condemnation procedure wherein a plaintiff may allege his property has been wrongfully taken through an exercise of the

7

Commonwealth's regulatory powers. *See Hammond v. Baldwin*, 866 F.2d 172, 179 (6th Cir. 1989) (citing *Commonwealth v. Stearns Coal & Lumber Co.*, 789 F.2d 370, 372 (Ky. 1984)). Clifty Properties does not argue this procedure is inadequate under *Williamson*, which requires "a reasonable, certain and adequate provision for obtaining compensation" exist at the time of any taking, *see Williamson*, 473 U.S. at 194, and the case law indicates Kentucky's reverse condemnation procedure does, indeed, satisfy *Williamson's* demands. *See Hammond*, 866 F.2d at 179; *Ackermann*, 2016 WL 4499659, at *7. But Clifty Properties does not claim to have initiated a reverse condemnation procedure in Kentucky state court. Instead, it only invokes the Kentucky Constitution on a number of occasions throughout its complaint, apparently hoping those references suffice as a claim for reverse condemnation relief. Clifty Properties also argues for equitable relief from the remedies requirement, explaining it originally filed suit in Pulaski Circuit Court and only appeared in federal court because of Defendants' removal under 28 U.S.C. § 1331. [*See* R. 32 at 7-9.]

Unfortunately for Clifty Properties, even if its bare-boned references to the Kentucky Constitution could be considered a claim for reverse condemnation, that claim must be heard in state court, without exception. *See, e.g.*, *Williamson*, 473 U.S. at 195 (explaining a state's action "is not complete in the sense of causing a constitutional injury unless or until the State fails to provide an adequate postdeprivation remedy for the property loss") (internal quotation marks and citations omitted); *Ackermann*, 2016 WL 4499659, at *8. And while the Court is sympathetic to Clifty Properties' plight in light of Defendants' removal, there is simply no equitable relief available. The Court may not rule upon a federal regulatory takings claim until it is ripe, and Clifty Properties' takings claim is not. Thus, Clifty Properties' federal takings claim must be

8

dismissed.[3]

**B**

Next, the Court addresses Clifty Properties' substantive due process claim, which is discussed in both parties' summary judgment motions. Clifty Properties argues Defendants acted erroneously, arbitrarily, capriciously, and "without adequate standards of due process" when they denied Clifty Properties' zoning amendment application. [*See* R. 1-3 at 7-8.] The relief sought by Clifty Properties on the actual substantive due process claim is somewhat ambiguous, but Clifty Properties plainly seeks both monetary damages and injunctive relief for its claims on the whole. [*See* R. 1-3 at 9.] To the extent Clifty Properties seeks monetary damages under this claim, the substantive due process claim is "subsumed by" Clifty Properties' federal takings claim and the Court need not address the issue. *See Braun v. Ann Arbor Charter Twp.*, 519 F.3d 564, 574 (6th Cir. 2008). *See also Montgomery v. Carter Cnty., Tenn.*, 226 F.3d 758, 769 (6th Cir. 2000) (noting that substantive due process claims typically have no place "when a provision of the Constitution directly addresses the type of illegal governmental conduct alleged by the plaintiff"); *Ackermann Enterprises, Inc. v. City of Bellevue, Ky.*, No. 14-207-ART, 2016 WL 4499659, at *5 (E.D. Ky. Aug. 24, 2016). The Court does, however, address the substantive due process claim to the extent Clifty Properties also seeks injunctive relief, as a claim for injunctive relief is separate, rather than merely "ancillary", to any federal takings

---

[3] The Court notes Clifty Properties was not wholly without a remedy after Defendants removed the case. Rather than proceed all the way to the summary judgment stage, Clifty Properties could have sought remand or asked the Court for a stay while it pursued the required state court action. However, as explained in *Ackermann*, 2016 WL 4499659, at *8, Clifty Properties' takings claim will be dismissed ***without*** prejudice. If the state court denies Clifty Properties just compensation through the reverse condemnation procedure and if Clifty Properties reserves its other federal claim(s) during that litigation, it may litigate its federal takings claim in federal court at that time, provided the ripeness requirements have fully been satisfied.

claim. *See Braun*, 519 F.3d at 574; [*see also* R. 28-1 at 24 n. 1 (noting Clifty Properties' "ultimate goal" is to obtain a zoning change, not damages).]

"To state a substantive due process claim in the context of zoning regulations, a plaintiff must establish that (1) a constitutionally protected property or liberty interest exists, and (2) the constitutionally protected interest has been deprived through arbitrary and capricious action." *Id.* at 573 (citations omitted). Further, courts "should not interfere with local zoning decisions unless the locality's action has no foundation in reason and is a mere arbitrary or irrational exercise of power having no substantial relation to the public health, the public morals, the public safety or the public welfare." *Id.* (quoting *Warren v. City of Athens, Ohio*, 411 F.3d 697, 708 (6th Cir. 2005).

In light of the case law, Clifty Properties' substantive due process claim fails for lack of a constitutionally protected property interest. The Supreme Court and Sixth Circuit have made clear that, to find a protected property interest in a particular benefit, "a person clearly must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it." *R.S.W.W., Inc. v. City of Keego Harbor*, 397 F.3d 427, 435 (6th Cir. 2005) (quoting *Bd. of Regents v. Roth*, 408 U.S. 564, 577 (1972)). Accordingly, a person cannot claim a protectable property interest in the receipt of a benefit "when the state's decision to award or withhold the benefit is wholly discretionary." *Id.* (quoting *Med Corp., Inc. v. City of Lima*, 296 F.3d 404, 409 (6th Cir. 2002). A person's property interest only becomes protected once the benefit is actually conferred. *See id.* In the zoning context, this results in the following rule: a property owner may have a protected interest in the *existing* zoning classification for his property, and he may have a protected interest in a discretionary benefit, such as a rezoning ordinance, *after* that benefit has been conferred. But in

the interim, a property owner does not generally have a protected interest in a future, rezoned classification of his land.  *See EJS Properties, LLC v. City of Toledo*, 698 F.3d 845, 856 (6th Cir. 2012); *Braun*, 519 F.3d at 573.

Clifty Properties makes much of the fact that its application for a zoning amendment is consistent with the relevant Comprehensive Plan, but this notion does not alter the discretionary nature of Defendants' decision.  Under Kentucky law, "just because the zone change request complies with the comprehensive plan or meets the criteria set forth in KRS 100.213(1)(a) or (b) does not mean the zone request must be granted.  The governing body is given authority to decide each application on its own merits and its impact on the community."  *Hougham v. Lexington-Fayette Urban Cnty. Gov't*, 29 S.W.3d 370, 372 (Ky. App. 1999) (emphasis in original); *see also 21st Century Development Co., LLC v. Watts*, 958 S.W.2d 25, 27 (Ky. App. 1997).

Furthermore, that Clifty Properties may have a strong argument regarding the second prong of the test does not change the final result.  The Sixth Circuit has already addressed whether corrupt zoning decisions violate substantive due process regardless of whether a protected property or liberty interest is at stake.  *See EJS Properties*, 698 F.3d at 861.  In the *EJS Properties* case, the court specifically concluded any arbitrary and capricious action by the Government must touch on a protected interest for purposes of a substantive due process claim.  *Id.* at 861-62.  Thus, whether Defendants acted arbitrarily and capriciously in the present matter is irrelevant, and Clifty Properties' substantive due process claim must be dismissed.

Relatedly, then, any procedural due process claim set forth in Clifty Properties' complaint must be dismissed for the same reasons.  To establish a procedural due process violation, Clifty Properties must demonstrate "(1) it possessed a constitutionally protected property or liberty

interest; (2) it was deprived of that interest; and (3) the state did not afford it adequate procedural rights prior to depriving it of that interest." *Taylor Acquisitions, LLC v. City of Taylor*, 313 F. App'x 826, 830 (6th Cir. 2009) (citing *Club Italia Soccer & Sports Org. v. Charter Twp. of Shelby*, 470 F.3d 286, 296 (6th Cir. 2006); *Women's Med. Prof'l Corp. v. Baird*, 438 F.3d 595, 611 (6th Cir. 2006)). As stated above, Clifty Properties cannot satisfy the first element of the test. Therefore, any procedural due process claim Clifty Properties wished to allege suffers from the same fate as the substantive due process claim.

## C

Having resolved the due process and federal takings claims, the only claims remaining before the Court are Clifty Properties' state allegations. [*See* discussion of claims at Part I(B), *supra*.] Under 28 U.S.C. § 1367(c)(3), the Court "may decline to exercise supplemental jurisdiction over a claim" if it "has dismissed all claims over which it has original jurisdiction." Defendants removed this suit under 28 U.S.C. § 1331, which gives district courts original jurisdiction "over civil actions arising under the Constitution, laws, or treaties of the United States." [*See* R. 1.] The only claims over which the Court has original jurisdiction, then, are Clifty Properties' federal claims.

Courts consider several factors when deciding whether to decline their exercise of supplemental jurisdiction, including "the circumstances of the particular case, the nature of the state law claims, the character of the governing state law, and the relationship between the state and federal claims." *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 158 (1997). The Sixth Circuit has clarified that "[a] federal court that has dismissed a plaintiff's federal-law claims should ordinarily not reach the plaintiff's state law claims." *Moon v. Harrison Piping Supply*, 465 F.3d 719, 728 (6th Cir. 2006). Courts should, thus, exercise supplemental

jurisdiction sparingly "to avoid needless decisions of state law." *Experimental Holdings, Inc. v. Farris*, 503 F.3d 514, 521 (6th Cir. 2007).

The Court finds no exceptional grounds for exercising supplemental jurisdiction in this case. In particular, the Court notes that Clifty Properties' state law claims are closely intertwined with its federal takings claim, to the extent the state law claims could become irrelevant if Clifty Properties succeeds in a state court reverse condemnation action. In order "to avoid needless decisions of state law," the Court declines to exercise supplemental jurisdiction here, and Clifty Properties' remaining claims will also be dismissed. *Id.*

### III

Therefore, and the Court being otherwise sufficiently advised, it is hereby **ORDERED** as follows:

1. Defendants' motion for summary judgment [R. 30] is **GRANTED;**

2. Clifty Properties' motion for summary judgment [R. 28] is **DENIED;**

3. Clifty Properties' federal takings claim is **DISMISSED WITHOUT PREJUDICE** as unripe, and Clifty Properties' state law claims are also **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction; and

4. Judgment shall be entered accordingly.

This the 30th day of November, 2016.

Gregory F. Van Tatenhove
United States District Judge